**Robert COLVIN, Plaintiff,**

v.

**WEYERHAEUSER COMPANY, a corporation, Defendant.**

**Civ. No. 64–136.**

United States District Court

D. Oregon.

May 25, 1964.

A. C. Roll and D. R. Dimick, Roseburg, Or., for plaintiff.

Gordon Moore, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for defendant.

EAST, District Judge.

These proceedings are here upon removal from the Circuit Court of the State of Oregon for the County of Douglas, and the plaintiff has moved for a remand of the same on the grounds that § 1445 Title 28 U.S.C.A., as amended in 1958, provides:

"(c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

It appears from plaintiff's complaint that the plaintiff, while in the employ of the defendant's insured, received an accidental personal injury arising out of and in the course of his employment and that he and his employer were subject to the terms of the Workmen's Compensation Act of the State of Oregon and would have been entitled to the benefits provided by said law for said injury but for the fact that his employer had lawfully rejected the provisions and benefits of said Act. Further, that as an incident of the terms of plaintiff's employment, and in lieu of Workmen's Compensation Act provisions and benefits, a contract of insurance with the defendant was substituted which provides that in the event of an accident to plaintiff during the course of his employment, the defendant would pro-

vide and pay to the plaintiff such benefits as he would have been entitled to receive if he and his employer had been covered by and entitled to the benefits of the Workmen's Compensation Act of the State of Oregon (Compensation Act).

These proceedings involve the claims of an Oregon workman arising under an Oregon employer's contract executed in Oregon which deals with compensation for the injured workman to the same intent and purposes as if the plaintiff were pursuing a judicial review with jury trial of an administrative allowance of a statutory remedy for workmen's compensation from the State of Oregon and, accordingly, the plaintiff here seeks to recover just that to which he would have been ultimately entitled to receive under and pursuant to the Compensation Act, namely, a jury award or fixing of statutory benefits. O.R.S. 656.288.[1] So, to require the plaintiff to litigate his claims in this Court, as distinguished from a state court in the place of his residence or other proper venue, causes a burden upon him and this Court which was intended by Congress to have been obviated by the amending Act of Congress of 1958 to § 1445, supra.[2]

Furthermore, in view of the precedent of the order of remand entered in Lowery v. Great American Insurance Company of New York, Civil No. 63–195 (D.Or. June 3, 1963), plaintiff's motion to remand should be allowed.

It is so ordered.

1. O.R.S. "656.288 *Procedure on appeal.* * * *

(2) The appeal shall be perfected by filing with the clerk of the court a complaint, as provided in civil actions at law, * * * (3) The case thereafter shall proceed as other civil cases in the court; provided, that either party thereto may demand a jury trial upon any question of fact. * * *"

2. 1958 U.S.Code Cong. & Admin.News, p. 3106:

"Workmen's compensation cases arise and exist only by virtue of State laws. No Federal question is involved and no law of the United States is involved in these cases.

"The removal of workmen's compensation cases from State courts to the Federal courts adds to the already overburdened docket of the Federal courts, the congestion in some of which is now most deplorable.

"Nearly all of the State statutes on workmen's compensation provide summary proceedings for the expeditious and inexpensive settlement of claims by injured workmen against the employer. The procedure provided in such State statutes is not, as a rule, applicable to procedure in Federal courts. When cases are removed to the Federal court the State statutes, in many instances, are entirely nullified. For instance, some of these State statutes limit the venue to the place where the accident occurred or to the district of the workman's residence. When removed to the Federal court the venue provisions of the State statute cannot be applied. Very often cases removed to the Federal courts require the workman to travel long distances and to bring his witnesses at great expense. This places an undue burden upon the workman and very often the workman settles his claim because he cannot afford the luxury of a trial in Federal court. * * *"